## J. L. Cottrell v. O. Teagarden.

Where A. and B. are jointly interested in a tract of land, the legal title to
which is in the former, and they make a sale of it to C., to whom B. exe-
cutes his bond for title in accordance with the terms of the contract, and
A. verbally promises to convey if C. complies with the contract by making
payment, and by the consent of the vendors enters upon and is by them
put in possession of the land, and makes valuable improvements; in a
suit by C. against A. the court will decree a specific performance.

Error from Trinity.   Tried below before the Hon. James M.
Maxcy.

This suit was brought on the 7th day of October, 1859, by
Oswin Teagarden against James L. Cottrell, for the specific per-

formance of a contract to convey to him 11 7-8 acres of land, made by Teagarden on the one part, and Cottrell and Lucius Loring on the other, on the 29th day of April, 1858.    The original and amended petitions substantially averred, that Cottrell and Loring jointly owned a lot in the town of Sumpter, containing about forty acres; that Loring's interest therein grew out of the trust raised in his favor by the payment of one hundred dollars of the purchase money on the purchase thereof by himself and Cottrell from one Redding, the balance of which ($200) was paid by Cottrell; and that the title thereto was taken in the name of the latter.

That Cottrell and Loring, at the date first specified, sold to the plaintiff, by a verbal contract, ten acres out of the said lot, according to the metes and bounds set forth in the petition, and they agreed that Loring should execute his bond to make title, on the payment of the purchase money, ($20 per acre,) and that Cottrell should in that event make the conveyance.    Accordingly Loring executed the bond at the time, which bond is made a part of the petition.

Afterwards, it was ascertained that the metes and bounds of the land contracted to the plaintiff contained 11 7-8 acres.    It was verbally agreed between Cottrell and the plaintiff that the latter should take the whole as described in the original contract, paying at the same rate for the excess of one and seven-eighths of an acre.    The plaintiff alleged that the ten acres sold as aforesaid "covered the whole of the interest of Loring."    That after making the contract, the vendors put him in possession of the land, and that he has ever since remained in possession; has paid the entire amount of the purchase money to Cottrell and Loring according to the terms stipulated, cleared and fenced the land and made upon it valuable improvements, at a cost of at least $250. He also alleged the refusal on the part of the defendant to make to him a conveyance, and prayed for a decree compelling him to execute the title, and in the alternative, for a judgment against him for the purchase money, with interest, and for the aforesaid cost and value of the improvements.

The defendant filed a general demurrer, which was overruled;

trial,  jury and general verdict for the plaintiff;  whereupon the
court decreed a specific execution of the contract, and divested
the defendant of all right, title, and interest to the said eleven
and seven-eighths acres, and vested the same in the plaintiff.

   *Leigh & Baker*, for the plaintiff in error.

   *H. C. Pedigo*, for the defendant in error.

   BELL, J.—We are of opinion that there was no error in the
judgment of the court below overruling the demurrer to the pe-
tition.   The original and amended petition, taken together, show
a good cause of action, and the court very properly ordered a
specific performance of the contract between the parties.  .
   The judgment of the court below is therefore affirmed.

                                        Judgment affirmed.